UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE HAND PROMOTIONS, INC., as
Broadcast Licensee of the December 27, 2008,
UFC #92 Broadcast,

        Plaintiff,                         Case No. 10-11255
                                                  HON. GEORGE CARAM STEEH

vs.

EUGENE M. WILSON, Individually, and as
officer, director, shareholder, and/or principal
of PINE TAVERN LLC d/b/a PINETREE TAVERN
and PINE TAVERN LLC , d/b/a PINETREE TAVERN,

        Defendants.

_____/

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE PURPORTED ANSWER OF
DEFENDANT PINE TAVERN LLC D/B/A PINETREE TAVERN [#8]

On March 30, 2010, plaintiff filed the instant lawsuit alleging that defendants, Eugene M. Wilson and PINE TAVERN LLC d/b/a PINETREE TAVERN, unlawfully intercepted, received and exhibited UFC #92 Broadcast ("Broadcast") in violation of the Cable Communications Policy Act, 47 U.S.C. § 521 *et seq.*, and plaintiff's exclusive right to distribute the Broadcast via closed circuit television and encrypted satellite signal to commercial establishments.

The individual defendant, Eugene Wilson, was served with the summons and complaint on April 24, 2010. The corporate defendant was also served with the summons and complaint on April 24, 2010 by service upon the individual defendant, Eugene Wilson. On May 10, 2010, defendant Wilson, appearing *pro se,* filed an answer to the complaint on

-1-

behalf of himself and on behalf of the corporate defendant. See Dkt. No. 6.

Plaintiff submits that the answer as it relates to the corporate defendant must be stricken because corporations may only appear in federal court through a licensed attorney. It is a well settled rule that an individual, including an owner or officer of a corporation, may not appear on behalf of a corporation. See *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F. 2d 1423, 1427 (7th Cir. 1985); *see also, Ginger v. Cohn*, 426 F. 2d 1385, 1386 (6th Cir. 1970) ("An officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court on behalf of the corporation."). Defendant Wilson, in his individual capacity, may represent himself without the aid of counsel if he so desires. See *Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 820 (E.D. Mich. 2009) (citing *Doherty v. American Motors Corp.,* 728 F. 2d 334, 340 (6th Cir. 1984).

Accordingly,

IT IS ORDERED that the answer as to defendant PINE TAVERN LLC , d/b/a PINETREE TAVERN is STRICKEN.

IT IS FURTHER ORDERED that PINE TAVERN LLC , d/b/a PINETREE TAVERN shall obtain counsel and counsel shall file an answer in this matter within twenty-one (21) days from the date of this order. Failure to obtain counsel may result in the entry of judgment against defendant PINE TAVERN LLC , d/b/a PINETREE TAVERN, and in favor of plaintiff.

SO ORDERED.

Dated: June 4, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 4, 2010, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk